IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY J. BRODZKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 10-633-SLR |
| | ) |
| MCDONALD'S CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 16th day of November, 2010;

IT IS ORDERED that the Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of Texas, for the reasons that follow:

1. **Background.** On July 27, 2010, plaintiff Anthony J. Brodzki ("plaintiff") of North Richland Hills, Texas, filed a complaint against the McDonald's Corporation alleging battery, as well as violations under 18 U.S.C. § 245 and 42 U.S.C. § 1983. Plaintiff alleges that he was assaulted and battered by the McDonald's crew. The McDonald's restaurant is located in North Richland Hills, Texas.[1] Plaintiff filed the complaint in this district because the McDonald's Corporation is incorporated in Delaware.[2]

---

[1] Plaintiff lists the city as "North Richmond Hills," but the zip code provided indicates the city is North Richland Hills, Texas, the same city where plaintiff resides.

[2] McDonald's Corporation is a Delaware corporation with its principal place of business in Illinois. *Pelman v. McDonald's Corp.*, 237 F. Supp. 2d 512, 519 (S.D.N.Y. 2003).

2. **Venue**. The general venue provisions of 28 U.S.C. § 1391 provide the basis for determining the proper venue for this action. Venue lies in "(1) a judicial district where any defendant resides, if all defendants reside in the same State" or "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" unless neither of those provisions provides a proper place for venue. See 28 U.S.C. § 1391(a) and (b).

3. It is evident from reading the complaint that the events giving rise to the claims at bar occurred in North Richland Hills, Texas, where the McDonald's restaurant is located. Consequently, venue is not proper in this district. When a case is filed in the wrong division or district, the courts may dismiss or transfer the action depending on whether the interests of justice favor a transfer. See 28 U.S.C. § 1406(a); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1994). The decision to transfer a case lies within the broad discretion of the district court. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The court considers the allegations in the complaint and finds the interests of justice favor transferring the action to the Northern District of Texas where plaintiff resides, where the McDonald's restaurant at issue is located, and where the events at issue seem to have occurred.

4. **Conclusion**. For the above reasons, the Clerk of Court is directed to transfer this action the United States District Court for the Northern District of Texas.

_____
UNITED STATES DISTRICT JUDGE